# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2020

Lyle W. Cayce
Clerk

No. 20-60214
Summary Calendar

William Bedford, Individually, and as Co-Executor of the Estate of Beverly Bedford, deceased, and Kim Waddle as Co-Executor of the Estate of Beverly Bedford, deceased,

*Plaintiffs—Appellants*,

*versus*

American Honda Motor Company, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CV-175

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

Appellants William Bedford and Kim Waddle, as co-executors of the estate of Beverly Bedford, brought a tort suit against Appellee American

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60214

Honda Motor Company, Inc. ("Honda") alleging that Honda products exposed Ms. Bedford to asbestos and caused her death from mesothelioma. Honda filed a motion for summary judgment, which the district court granted. Appellants then filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), asking the district court to revisit its summary judgment decision. Two days later, while that motion was still pending, Appellants filed a timely notice of appeal of the district court's summary judgment order. The district court subsequently denied the motion for reconsideration.

Here, Appellants argue that the district court erred by failing to apply the "*Lohrmann* Test,"[1] which they assert is the proper standard under Mississippi law for evaluating summary judgment motions in asbestos-related products liability cases. Had the district court done so, they argue, it might have denied Appellee's motion.

The main problem with this argument is that it comes too late. As Appellee notes, Appellants first raised their argument concerning the *Lohrmann* Test in their motion for reconsideration. They make no mention of the *Lohrmann* Test in their response to Appellee's motion for summary judgment, which is the subject of their appeal.

"This court will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration in the district court." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014) (citing *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th

---

[1] First stated in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156 (4th Cir. 1986), the *Lohrmann* Test looks to the "frequency, regularity, and proximity" of asbestos exposure in order to determine if a plaintiff has established a prima facie causal connection in asbestos-related tort litigation. *See Smith v. Union Carbide Corp.*, 130 So.3d 66, 70 (Miss. 2013).

Cir. 2007)); *see also LaClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) ("A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." (citing *Westbrook v. C.I.R.*, 68 F.3d 868, 879 (5th Cir. 1995))). Such arguments are deemed to have been waived. *U.S. Bank*, 761 F.3d at 425; *see also Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration, however, are generally deemed to be waived.").

We therefore decline to consider Appellants' argument concerning the *Lohrmann* Test. As they present no other arguments supporting reversal, their appeal fails.

AFFIRMED.